IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME M. HARDENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00352-JPG |
| ) | |
| FAIRVIEW HEIGHTS POLICE DEPT., ) | |
| and TRAVIS MONTGOMERY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jerome M. Hardene, proceeding *pro se*, brings this action for deprivations of his constitutional rights, and related violations of state law, during a traffic stop and two-hour detention while his vehicle was being searched.

Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915(a) (Doc. 2).  Plaintiff has submitted an affidavit regarding his finances. His monthly expenses and debt payments exhaust the $710 per month in Social Security Disability Income that he receives, and he has no other substantial assets.  Therefore, the Court concludes that Plaintiff cannot afford to pay the $400 filing fee necessary to commence this action.  Accordingly, Plaintiff's motion for pauper status (Doc. 2) will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), this case is now before the Court for a preliminary review of the complaint.  Section 1915(e)(2)(B) requires dismissal of any portion of the complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on February 9, 2011, while he was driving in St. Clair County, Illinois, Plaintiff was pulled over by defendant Travis Montgomery, a Fairview Heights, Illinois, police officer. Plaintiff and his passenger—both of whom are African American—were ordered out of the vehicle. When a "drug team" and drug-sniffing dog arrived, Plaintiff was placed in the rear of Officer Montgomery's patrol car. Plaintiff was detained for approximately two hours while his vehicle was searched, without his consent. No drugs were ever found. Officer Montgomery ultimately issued Plaintiff a citation for failing to display proof of insurance.

Within the enumerate counts of the complaint, it is further asserted that Plaintiff was assaulted when he refused to consent to the search of his vehicle, he was attacked by the police dog, he and his passenger were racially profiled, and the interior of Plaintiff's vehicle was damaged. During the course of these events, Plaintiff sustained injuries to his back, arms, wrists, legs and neck, as well as emotional upset, anxiety, depression and the loss of enjoyment of life.

By order dated August 1, 2012, Plaintiff's motion to suppress was granted by the Honorable Judge Julie K. Katz, who found no probable cause for the vehicle stop.

Plaintiff filed this action on March 19, 2014, naming Officer Travis Montgomery and the Fairview Heights Police Department as defendants. He seeks declaratory relief, compensatory and punitive damages, and an award of costs.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into six counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Officer Travis Montgomery and the Fairview Heights Police Department violated Plaintiff's rights under the Fourth Amendment when Officer Montgomery: (1) effected an unlawful traffic stop; (2) detained Plaintiff; (3) physically assaulted Plaintiff; and issued a citation without probable cause;**

**Count 2:** **Officer Travis Montgomery and the Fairview Heights Police Department violated Plaintiff's Fourteenth Amendment right to equal protection when Officer Montgomery racially profiled Plaintiff and his passenger;**

**Count 3:** **Officer Travis Montgomery and the Fairview Heights Police Department violated Plaintiff's rights under the Fourteenth Amendment when Officer Montgomery deprived Plaintiff of his liberty and property without due process of law;**

**Count 4:** **The Fairview Heights Police Department had a policy and practice of racial profiling, which was carried out against Plaintiff by Officer Montgomery, in violation of Plaintiff's rights under the Fourteenth Amendment;**

**Count 5:** **Officer Travis Montgomery unlawfully restrained and falsely imprisoned Plaintiff for two hours without adequate cause, in violation of the law of the State of Illinois; and**

**Count 6:** **Officer Travis Montgomery—himself and by use of a canine—committed assault and battery against Plaintiff in violation of the law of the State of Illinois.**

No constitutional claim regarding damage to Plaintiff's vehicle is included in Count 1, as was in the complaint. Such a property claim cannot proceed under Section 1983 if the state provides an adequate remedy, which Illinois does: the Court of Claims. *See Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8.

## Discussion

Plaintiff Hardene invokes federal jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3) and (4). Where a district court has original jurisdiction over a civil action such as a civil rights claim like this under 28 U.S.C. § 1983, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). Plaintiff's state law claims, Counts 5 and 6, are based on the same factual scenario as his federal constitutional claims.

A plaintiff can plead himself out of court based on the statute of limitations, which is usually an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 211-212, 215 (2007); *see also Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004). However, dismissal by the Court *sua sponte* at this early juncture is only warranted when the plaintiff's submissions reveal an airtight defense. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). For the following reasons, the Court concludes that the applicable statutes of limitations bar Plaintiff's federal and state claims.

The applicable statute of limitations for a Section 1983 constitutional tort claim arising in Illinois is two years.[1]  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  Relative to Plaintiff's supplemental state law claims, 735 ILCS 5/13-202 similarly prescribes a two-year limitations period for actions for damages for personal injury or false imprisonment.  However, under the Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101(a), no tort action for any injury (unless arising out of patient care) may be brought against a local public entity or public employee unless it is commenced within *one* year from when the injury was received or the cause of action accrued.

As a general matter, a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused.  *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994).  That accrual rule is applicable to all of Plaintiff's state claims, and all of his federal claims *except* for the claims of false imprisonment and/or false arrest.  (The Court need not delve into the factual and legal specifics of such claims in order to analyze whether the limitations period has run out.)  For those claims, the limitations period begins to run when the false imprisonment or arrest ends.  *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (specifically addressing custodial detention on a murder charge, which was found to end when the defendant was bound over by a magistrate judge or arraigned on criminal charges, ending the false detention without process that was at issue).

---

[1] In *Erwin v. Neal*, 494 F.2d 1351 (6th Cir. 1974), the same limitations statute was applied to Section 1983 and Section 1343 actions (applying the Tennessee law).  *See also Accardi v. United States*, 435 F.2d 1239 (3rd Cir. 1970) (applying the New Jersey law).

In Plaintiff Hardene's situation, he was held for approximately two hours on February 9, 2011, and released—ending his false imprisonment and commencing the two-year limitations period.[2] Therefore, all of Plaintiff's Section 1983 claims had to be filed by February 8, 2013.

The fact that Plaintiff's motion to suppress was granted August 1, 2012, does not push back the accrual date on Plaintiff's false imprisonment claims. The Supreme Court rejected a similar argument in *Wallace v. Kato*, using the date custody concluded as the accrual date, rather than the date when the state dropped the criminal charges. *Wallace*, 549 U.S. at 390.

Furthermore, *Wallace* forecloses any argument based on the rule from *Heck v. Humprey*, 512 U.S. 477 (1994), that a Section 1983 claim based on an unconstitutional conviction does not accrue until the conviction has been invalidated. In *Wallace*, the Supreme Court held that *Heck* was inapplicable and did not toll the limitations period or in any way stay the accrual of the cause of action, because *Heck* only applies where there is an outstanding criminal judgment. *Wallace*, 549 U.S. at 392-393; *see also Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). Plaintiff Hardene was never convicted, so there is no outstanding judgment to trigger application of the *Heck* rule.

All of Plaintiff's Section 1983 claims are barred by the statute of limitations and will be dismissed with prejudice. Generally, when a court has dismissed all the federal claims in an action, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits. *Miller v. Herman,* 600 F.3d 726, 738 (7th Cir. 2010). However, when the resolution of the state law claims is clear, those claims may be decided. *See* 28 U.S.C. § 1367(c) (listing permissible reasons for declining to exercise supplemental jurisdiction); *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012).

---

[2] Unlike the scenario in *Wallace*, where the defendant was detained without process until his bond hearing and/or arraignment, Plaintiff's detention/arrest concluded and he was free to go when the search concluded.

Because it is so clear that the applicable Illinois one-year statute of limitations is applicable, this Court will exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims, as well.  The state law claims fail under both the one-year and two-year limitations periods that could possibly apply under Illinois law.   All state law claims, Counts 5 and 6, will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff Hardene's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, all claims against all defendants are **DISMISSED with prejudice**.  Judgment shall enter accordingly.

**IT IS SO ORDERED.**

DATED: April 15, 2014

*s/J. Phil Gilbert*
**United States District Judge**